```
UNITED STATES DISTRICT COURT                    FILED
EASTERN DISTRICT OF NEW YORK                    CLERK
----------------------------------------X
HAMILTON ROAD REALTY LLC,                       5/24/2021 5:15 pm

                                                U.S. DISTRICT COURT
                Appellant,                      EASTERN DISTRICT OF NEW YORK
                                                LONG ISLAND OFFICE
        -against-
                                                ORDER
ALLAN B. MENDELSOHN, ESQ.,                      21-CV-2724(JS)
as Chapter 7 Trustee of the
Bankruptcy Estate of
Hamilton Road Realty LLC,

                Appellee.
----------------------------------------X
In re

HAMILTON ROAD REALTY LLC,                       Chapter 7
                                                19-BK-72596(REG)

                Debtor.
----------------------------------------X
APPEARANCES
For Appellant:     Ronald David Weiss, Esq.
                   Michael Farina, Esq.
                   Ronald D. Weiss, P.C.
                   734 Walt Whitman Road, Suite 203
                   Melville, New York 11747

For Appellee/
Chapter 7 Trustee: Fred S. Kantrow, Esq.
                   The Kantrow Law Group, PLLC
                   6901 Jericho Tunrpike, Suite 230
                   Syosset, New York 11791

                   Allan B. Mendelsohn, Esq., Chapter 7 Trustee
                   Allan B. Mendelsohn, LLP
                   38 New Street
                   Huntington, New York 11743
```

SEYBERT, District Judge:

Debtor/Appellant Hamilton Road Realty LLC ("Appellant") commenced this Appeal on May 12, 2021, appealing the order of the United States Bankruptcy Court for the Eastern District of New York (Grossman, Bankr. J.), dated May 11, 2021, confirming the sale, free and clear of all liens, claims, encumbrances, and security interests, of real property commonly known as 14 Sandringham Lane, Southampton, New York (the "Property"), to William Mulligan and Anthony Riccio (the "Confirmation Order"). (Appeal, ECF No. 1; Confirmation Order, ECF No. 1-1, at ECF pp. 4-8.) On May 17, 2021, Appellant filed a motion for an emergency stay of the Confirmation Order because, among other reasons, the Chapter 7 Trustee/Appellee (the "Trustee") was set to close on the sale of the Property on May 20, 2021. (Mot., ECF No. 4.) On May 18, 2021, the Court entered an order temporarily granting a stay "to preserve the status quo given the time constraints, and to afford the Trustee/Appellee time to respond to Debtor/Appellant's emergency motion." (May 18, 2021 Elec. Order.) The Court has now received and reviewed the Trustee's response (see Trustee Opp., ECF No. 6) and heard oral argument (May 24, 2021 Min. Entry, ECF No. 8). For the reasons that follow, the motion for an emergency stay pending appeal is DENIED.

## BACKGROUND AND PROCEDURAL HISTORY[1]

The Court presumes the parties' familiarity with the underlying facts and procedural history of this case and the bankruptcy case.

By way of brief background, on February 14, 2020, the Bankruptcy Court converted Appellant's bankruptcy case from a case under Chapter 11 of the Bankruptcy Code to a case under Chapter 7 and appointed Allan B. Mendelsohn as the Trustee. (BK Dkt., ECF Nos. 55 & 56.) As relevant here, on February 13, 2021, the Trustee filed a motion to sell the Property to third parties pursuant to 11 U.S.C. §§ 363(b) and (f), free and clear of all liens, claims, and encumbrances. (BK Dkt., ECF No. 158.) On April 19, 2021, Judge Grossman held a hearing where he read a bench memorandum into the record and granted the Trustee's motion to sell the Property. (BK Dkt., Apr. 19, 2021 Text Entry.) The following day, April 20, 2021, Judge Grossman issued an Order approving the sale of the Property pursuant to Sections 105(a), 363, and 704 of the Bankruptcy Code (the "April 20 Sale Order"), which provided, among other things:

> ORDERED that the Trustee shall consider the offers of the two proposed Purchasers, to wit: Brian Flores and Marissa Accardi Flores and

---

[1] "The Court takes judicial notice of the documents filed in Appellant's underlying" bankruptcy case. <u>Nanan v. Nationstar Mortgage, LLC</u>, No. 20-CV-5276, 2021 WL 1998933, at *1 n.2 (E.D.N.Y. May 19, 2021) (collecting cases). Citations to "BK Dkt." refer to the docket in Appellant's Bankruptcy Case, No. 19-72596 (E.D.N.Y).

> William Mulligan and Anthony Riccio, at an auction sale to be conducted by the Trustee on April 20, 2021 at a time to be determined by the Trustee, via Zoom; and it is further
>
> ORDERED that at the conclusion of the auction sale, the Trustee will submit to the Court a proposed Order confirming the sale to the successful party making the highest and best offer at the auction

(BK Dkt., Apr. 20, 2021 Order, ECF No. 194, at 3-4.) On April 26, 2021, the Bankruptcy Court issued a Memorandum & Order supplementing the April 20 Sale Order. (BK Dkt., Apr. 26 M&O, ECF No. 197.)

On April 23, 2021, the Trustee moved the Bankruptcy Court to confirm the sale of the Property to Mulligan and Riccio for $2,005,000. (BK Dkt., ECF No. 195.) Appellant opposed the motion, arguing that it did "not appear in connection with the auction" because Appellant "was considering what posture it wanted to take with regards to the Court's Bench Memorandum entered on April 19, 2021." (BK Dkt., ECF No. 200, ¶ 8.) Appellant also represented that, on April 29, 2021, it offered to "purchase the Trustee's right, title and interest" in the Property for $2,010,000 pursuant to 11 U.S.C. § 363, which according to Appellant, constituted a higher/better offer. (Id. ¶ 9.) The Trustee allegedly responded that it would not consider the offer unless Appellant was "willing to give [a] down payment of 10% of its offer." (Id. ¶ 10.) The Trustee responded to Appellant's objection and asserted, among

4

other things, that "the risk to the estate and its creditors is simply too great, given an alleged upside of a mere $5,000." (BK Dkt., ECF No. 201, ¶¶ 3-6.) On May 10, 2021, Judge Grossman held a hearing and granted the Trustee's motion to confirm the sale and denied Appellant's motion for a stay. (BK Dkt., May 10, 2021 Text Entry.) On May 11, 2021, Judge Grossman entered the Confirmation Order, and on May 12, 2021, Appellant filed this Appeal. (See Confirmation Order.)

On May 17, 2021, Appellant filed a motion for an emergency stay pursuant to Federal Rule of Bankruptcy Procedure 8007. (See Mot.) In its motion, Appellant argued it would be irreparably harmed by the closing on the sale of the Property on May 20, 2021, because after closing, title to the Property is "irrevocably transferred to a good faith purchaser" pursuant to Section 363(m) of the Bankruptcy Code. (Id. at 6-9.) Appellant also argued, among other things, that it established a substantial possibility of success on appeal because the Trustee's auction of the Property was not an open auction. (Id. at 10-13.)

The Trustee opposed the motion, and argued that Appellant: (1) lacks standing; (2) fails to establish irreparable harm; (3) cannot demonstrate substantial injury; (4) cannot demonstrate success on the merits; and (5) fails to show that a stay satisfies the pubic interest. (See Trustee Opp.) The Court heard oral argument on May 24, 2021. (May 24, 2021 Min. Entry.)

5

DISCUSSION

Upon due consideration of the parties' submissions and arguments, and assuming that Appellant has standing to prosecute this Appeal, the motion for an emergency stay is DENIED.

There are four factors the Court must consider before staying the actions of a lower court: "(1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated a substantial possibility, although less than a likelihood, of success on appeal, and (4) the public interests that may be affected." Hirschfeld v. Bd. of Elections in City of N.Y., 984 F.2d 35, 39 (2d Cir. 1993) (internal quotations omitted). "[T]he movant bears the burden of proving that a stay should be granted, and stays pending an appeal are only granted in limited circumstances." In re Taub, 470 B.R. 273, 277 (E.D.N.Y. 2012). On balance, these factors tip in favor of denying the motion for an emergency stay.

As a preliminary matter, the Court agrees with the Trustee that the Second and Fourth factors, whether a party will suffer substantial injury if a stay is issued and the public interests that may be affected, weigh in favor of denying the stay. (See Trustee Opp. at 12-14, 18.) Indeed, delaying on the sale of the Property "would serve only to impose further financial harm on the creditors of the bankruptcy estate." (Trustee Opp. at 13);

Hamilton Rd. Realty, LLC v. United States Tr., No. 20-CV-1746, 2021 WL 878734, at *4 (E.D.N.Y. Mar. 9, 2021) (stating that the "interest of the creditors in resolving this case as well as the need for judicial efficiency support denial of the stay."). And, while Appellant arguably establishes the first factor, "irreparable injury," because the Appeal may become moot absent a stay, see In re DeGennaro, No. 20-CV-7958, 2020 WL 6827936, at *1 (S.D.N.Y. Oct. 2, 2020), the third factor "substantial success" on the merits, which is the "single most important factor," weighs in favor of denying the stay, see In re Taub, 470 B.R. at 278.

Specifically, now that the auction has taken place, the only issue is whether, "in light of the conduct of the auction and the resulting bids, the Trustee has exercised appropriate business judgment in recommending that the resulting proposed sale[] be approved." In re Allard, No. 18-14092, 2019 WL 4593854, at *5 (Bankr. S.D.N.Y. Sept. 20, 2019). At the outset, the Court observes that although Appellant was aware that the Trustee intended to sell the Property, it made an untimely offer to purchase the Property. Appellant does not argue that the Trustee was required to consider the untimely offer. Yet, the Trustee allegedly exercised his business judgment and considered and rejected the purported and belated offer.

Significantly, Appellant makes no arguments that the Bankruptcy Court abused its discretion in deferring to the

Trustee's business judgment in accepting Mulligan and Riccio's offer and denying Appellant's purported and belated offer. There is no doubt that Appellant's alleged offer is higher than Mulligan and Riccio's offer. However, at oral argument, Appellant failed to articulate how its offer to purchase the property for more than Mulligan and Riccio's offer is a better <u>and</u> higher offer. To that extent, the Court agrees with the Trustee that, even if Appellant were permitted to, or elected to, participate in the auction, other than claiming it offered an additional $5,000, Appellant offers no proof that it tendered to the Trustee (and not only this Court): (1) of a signed purchase and sale contract to the Trustee; (2) that it made -- or attempted to make -- a good-faith earnest money deposit supporting its offer; (3) that it offered financials or other documentation of its true financial ability to consummate the transaction; or (4) of its ability to expeditiously close the sale. (<u>See</u> Trustee Opp. at 14-17.) These are precisely the types of non-monetary factors a Trustee considers when evaluating competing bids for the best offer, not just the highest offer. To be sure, at oral argument, the Trustee stated that, given the Appellant's vague, unsubstantiated offer, he was unable to perform the necessary "apple-to-apple" comparison of Appellant's purported offer with the offers already received.[2]

---

[2] While Appellant submits some documents supporting its financial status in support of its motion, there is no proof these records

In sum, other than frustration with not being able to purchase the Property, Appellant has offered too little too late to support the conclusion that its amorphous proposed offer is better than that of Mulligan and Riccio. In other words, the record before the Court presents no basis to stay the Confirmation Order pending appeal of the Confirmation Order, which seeks review of the Bankruptcy Court's approval of the Trustee's business judgment. This finding is underscored by the well-established proposition that the Trustee "is entitled to great judicial deference in deciding which bid to accept as the best and highest bid on the sale of the Debtor's assets." In re Ashley River Consulting, LLC, No. 14-13406, 2015 WL 6848113, at *9 (Bankr. S.D.N.Y. Nov. 6, 2015) (citations omitted). Therefore, Appellant has not demonstrated "a substantial possibility of success" on its claim that the Bankruptcy Court erred in approving the Trustee's exercise of his business judgment and confirming the sale of the Property to Mulligan and Riccio. In re Taub, 470 B.R. at 278.

To the extent Appellant takes issue with the mechanics of the April 20 Sale Order, Appellant never sought a stay of the April 20 Sale Order nor did it appeal the April 20 Sale Order to this Court. Nonetheless, the Court would deny an emergency stay

---

were provided to the Trustee for consideration. In any event, the Bankruptcy Court approved the Trustee's business judgment in declining to accept Appellant's belated offer, as discussed herein.

9

based on the argument, to the extent asserted, that Mulligan and Riccio are not "good faith" purchasers under Section 363(m) of the Bankruptcy Code. Appellant fails to point to evidence of "fraud or collusion between the Trustee, auctioneer, and purchasers before, during, or after the sales process." In re Allard, 2019 WL 4593854, at *6. Moreover, the Court rejects the representation that the auction was closed or that Appellant did not receive notice of the auction. To the contrary, Appellant represented in a filing to the Bankruptcy Court, and again to this Court during oral argument, that it did "not appear in connection with the auction" because Appellant "was considering what posture it wanted to take with regards to the Court's Bench Memorandum entered on April 19, 2021." (BK Dkt., ECF No. 200, ¶ 8.) Thus, Appellant received notice of the auction and made the intentional decision to forgo appearing and bidding at the auction. Any arguments to the contrary strike the Court as disingenuous. Finally, there are no arguments that the sale process did not comply with the April 20 Sale Order. In re Allard, 2019 WL 4593854, at *6. Accordingly, the Court would not be inclined to find that Appellant established "a substantial possibility of success" on arguments that Mulligan and Riccio are not good faith purchasers.

Three out of the four factors weigh in favor of denying the stay. Therefore, Appellant's motion for an emergency stay is DENIED.

10

CONCLUSION

For the reasons stated herein, the Court's temporary stay, entered May 18, 2021 to maintain the status quo pending today's 1:00 p.m. hearing, is hereby EXTINGUISHED and Appellant's emergency motion for a stay pending appeal (ECF No. 4) is DENIED. The Appellant shall file a letter with the Court within fourteen (14) days, indicating whether the sale of the Property has closed and whether the closing has rendered the Appeal moot.

**SO ORDERED.**

\_\_/s/ JOANNA SEYBERT\_\_\_\_\_
Joanna Seybert, U.S.D.J.

Dated: May  24 , 2021
       Central Islip, New York